IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEBRASKA

| | | |
|---|---|---|
| RICHARD HEADLEY, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OMAHA CONSTRUCTION INDUSTRY PENSION PLAN, COMPUSYS OF UTAH, AND IRON WORKERS UNION LOCAL #21 | ) ) ) ) | COMPLAINT |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, by and through his attorney, and for his cause of action against the Defendants hereby states as follows:

**PARTIES-VENUE-JURISDICTION**

1. Plaintiff Richard Headley, is a resident of Lincoln, Nebraska.

2. Defendant Union is a labor organization operating in the State of Nebraska.

3. Defendant Omaha Construction Industry Plan is or has been a pension plan and/or plan administrator operating and collecting pension funds within the State of Nebraska. Defendant CompuSys of Utah is the current plan administrator of the Omaha Construction Industry Pension Fund.

4. Jurisdiction and venue in this Court are proper pursuant to 29 U.S.C. §1132 (e) (1) and (2).

**FACTUAL BASIS**

5. Plaintiff was a member of Defendant Union and a participant in a pension plan as that term is defined in ERISA, 29 U.S.C. §1001, et. seq. who had pension fund contributions made on his behalf during the course of his employment as a Union member.

6. Defendants Omaha Plan and CompuSys are plan sponsors and/or plan administrators in a multi-employer pension plan as that term is defined in 29 U.S.C. §1002 (16) (A).

7. Defendant Omaha Plan received pension plan contributions on behalf of the Plaintiff in accordance with a multi-employer bargaining agreement requiring those contributions to be made. Plaintiff worked as a member of the Defendant Union at different times between 1960 to 1998 and was fully vested in his pension plan benefits.

8. Plaintiff did not incur a break in service sufficient to force him to forfeit any pension plan benefits. As best as Plaintiff recalls, he worked as an apprentice ironworker in the Omaha area from 1960 to 1963. He then worked as a journeyman ironworker from 1963 to 1974. Plaintiff then worked as an ironworker in the construction and/or maintenance of steel mills in other states. He did not do ironwork from approximately 1985 to 1992. Plaintiff then resumed doing iron work through the Union from 1992 until October 1, 1998, when he was injured on the job and became disabled from doing any such work. At all times, Plaintiff maintained his Union book and paid his Union dues. At all times set forth above, when he was employed as an ironworker, pension contributions were made on his behalf to the Plan.

9. Plaintiff was born on May 12, 1940, and is now 81 years old.

10. Plaintiff sent a letter to the Union inquiring about his pension benefits in May, 2019.

11. Plaintiff was informed in July, 2019 that the Defendants had no records of any pension contributions made in his behalf, that his records were lost or destroyed, and that he did not have any vested pension benefits.

21. By denying Plaintiff payment of the pension benefits, Defendants have violated and continues to violate ERISA, 29 U.S.C. §1132 (a)(1)(B).

22. Defendants violated 29 U.S.C. §1132(c)(1) and 29 U.S.C. §1024(b)(4) by failing to furnish complete documents within 30 days of Plaintiff's written request.

## SECOND CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

23. Plaintiff incorporates paragraphs 1-22 as though fully set forth herein.

24. Defendant Plan Administrator and/or its Trustees have breached their fiduciary by failing to give notice to the Plaintiff about his pension benefits, failing to produce the requested records, failing to keep a proper account of Plaintiff's contributions, and failing to pay Plaintiff his vested pension benefits.

25. ERISA §404(a), 29 U.S.C. §1004(a), requires that a fiduciary discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to participants and fiduciaries and defraying reasonable expenses of administering the plan, and in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with other provisions of ERISA.

26. ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), authorizes a beneficiary of a plan to file suit to "enjoin any act or practice" that violates Title I of ERISA or the terms of a plan, and/or to obtain "other appropriate relief" to redress such violations. ERISA §205(a)(2), 29 U.S.C. §1055(a)(2), is part of Title I of ERISA.

27. By engaging in the acts and omissions described above, including but not limited to, interpreting the Plan in a manner contrary to applicable federal law, refusing to apply the law in

effect at the time of Plaintiff's claim and request for information and refusing to provide Plaintiff a benefit mandated by ERISA, Defendants have breached their fiduciary duty to Mr. Headley and have violated Title I of ERISA.

28. As a result of Defendants' breaches of fiduciary duty and violations of Title I of ERISA, Plaintiff has been harmed.

29. Plaintiff seeks all statutory relief under the Act for the breach of its duty, including the daily penalty figure for failure to provide plan information, and the payment of all pension benefits and penalties for late payment.

### THIRD CAUSE OF ACTION

#### BREACH OF FIDUCIARY DUTY FOR FAILURE TO INFORM AND/OR MISLEADING COMMUNICATIONS

30. Plaintiff incorporates paragraphs 1-29 as though fully set forth herein.

31. An ERISA fiduciary is obligated to disclose material information to participants and beneficiaries, and has a duty not to mislead a plan participant and/or beneficiary.

32. Defendants breached their fiduciary duty to Plaintiff by failing to provide an answer in response to his inquiries as to his plan benefits, by failing to notify Plaintiff about his benefits, and by losing records of his pension contributions.

33. By not informing Plaintiff about his plan benefits, losing records and/or delaying payment, Defendants breached their fiduciary duties to Plaintiff.

34. As a result of these breaches, Plaintiff has been harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

**As to the First Claim for Relief**:

A.  Declare that Defendants have violated the terms of the Plan;

B.  Order Defendants to pay all pension benefits to Plaintiff that have accumulated from his contributions, with prejudgment and post-judgment interest.

C.  Award Plaintiff reasonable attorneys' fees and costs of suit pursuant to ERISA §502(g), 29 U.S.C. §1132(g); andAugust 16, 2021

D.  Provide such other relief as the Court deems equitable and just.

**As to the Second Claim for Relief**:

A.  Declare that Defendants breached their fiduciary duty to Plaintiff.

B.  Declare that by refusing to provide plan information and benefits to Plaintiff, Defendants have violated ERISA;

C.  Declare that Plaintiff has a right to receive a monthly pension benefit under ERISA;

D.  Order that Defendants pay to Plaintiff amounts to make Plaintiff whole for the harm he has suffered due to Defendants breaches by providing other appropriate equitable relief, including but not limited to, to surcharge, restitution, prejudgment and post-judgment interest and imposing a constructive trust and/or equitable lien on any funds wrongfully held by Defendants;

E.  Award Plaintiff reasonable attorneys fees and costs of suit pursuant to ERISA §502(g) 29 U.S.C. §1132(g);

F. Payment of the daily penalty on any applicable excise tax for the failure to provide information and properly administer the plan; and

G. Provide such other relief as the Court deems equitable and just.

**As to the Third Claim for Relief (in the Alternative):**

A. Declare that Defendants have breached its fiduciary duties to Plaintiff;

B. Order that Defendants pay to Plaintiff amounts to make Plaintiff whole for the harm he has suffered due to Defendants' breaches.

C. Order that Defendants pay to Plaintiff amounts to make Plaintiff whole for the harm he has suffered due to Defendants' breaches by providing other appropriate equitable relief, including but not limited to, surcharge restitution, prejudgment and post-judgement interest, and imposing a constructive trust and/or equitable lien on any funds wrongfully held by Defendants.

D. Award Plaintiff reasonable attorneys' fees and costs of suit pursuant to ERISA §502(g), 29 U.S.C. §1132(g); and

E. Provide such other relief as the Court deems equitable and just.

RICHARD HEADLEY, Plaintiff

BY: /s/ James C. Zalewski
James C. Zalewski, #16090
OLSON ZALEWSKI WYNNER LLP
575 Fallbrook Blvd., Suite 100
Lincoln, NE 68521
Phone: 402/438-2500
Email: jzalewski@ozwlaw.com
ATTORNEYS FOR PLAINTIFF

7

**PRAECIPE**

**TO CLERK OF SAID COURT:**

**PLEASE ISSUE A SUMMONS** in the above-entitled cause for service upon each of the Defendants: Omaha Construction Industry Pension Plan; CompuSys of Utah, and Iron Union Workers Local #21.

Please forward each Summons to James C. Zalewski of Olson Zalewski Wynner LLP, 575 Fallbrook Blvd., Suite 100, Lincoln, NE 68521, via email at jzalewski@ozwlaw.com, who will forward said Summons, together with a copy of the Complaint, to each Defendant by certified mail, return receipt requested, addressed as follows:

Omaha Construction Industry Pension Plan
11414 W. Center Road Suite 124
Omaha, NE 68144

CompuSys of Utah
2156 West 2200 South
Salt Lake City, UT 84119-1376

Iron Workers Local #21
14515 Industrial Road
Omaha, NE 68144

BY:     /s/ James C. Zalewski
           James C. Zalewski, #16090